**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION**

**GARLAND D. MURPHY, III, M.D. and**                          **PLAINTIFFS**
**PHYLLIS MURPHY, Individually and on**
**behalf of all others similarly situated**


            **v.**                    **No.  5:17-CV-5035 TLB**


**GOSPEL FOR ASIA, INC.,**                                     **DEFENDANTS**
**GOSPEL FOR ASIA-INTERNATIONAL,**
**K.P. YOHANNAN, GISELA PUNNOSE,**
**DANIEL PUNNOSE, DAVID CARROLL,**
**and PAT EMERICK**


### DEFENDANTS' ORIGINAL ANSWER

Pursuant to the Federal Rules of Civil Procedure, Gospel for Asia, Inc., Gospel for Asia-International, [1] K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick ("Defendants") file their Original Answer to Plaintiffs' Original Class Action Complaint filed by Garland D. Murphy, III, M.D. and Phyllis Murphy, individually and on behalf of all others similarly situated ("Plaintiffs"), and would respectfully show the Court as follows:

---

[1] Gospel for Asia-International does not currently exist.

# I.
# ANSWER

## PRELIMINARY STATEMENT[2]

1.     Defendants deny that they engaged in any conduct or scheme that is described or implied in paragraph 1 of the Complaint.  Defendants deny any remaining allegations in paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2.     The allegations contained in paragraph 2 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 2.

---

[2] Rather than providing a "short plain statement of the grounds for relief," the Complaint is replete with pejorative characterizations and vague, insufficiently identified accusations of misrepresentations, *e.g.*, "covertly diverting" unspecified funds (para. I. 1); creation of an unidentified "multi-million dollar personal empire" (*id.*); allegedly "using a Christian organization as a front" (*id.*) without clear explanation as to how, when, or where; "exploiting the goodwill and generosity" of a large number of unspecified "devout Christians" (*id.*); "getting away with" such conduct "for years" (*id.*); the acquisition of "hundreds of millions of dollars" from "tens of thousands" of unidentified donors (*id.*); "diver[sion] of much of this money to do with as they please" (*id.*); unspecified "misrepresentations" (*id.*); unspecified "fraud (*id.*); KP Yohannan's insufficiently identified making of "the misrepresentations and engaging in" same (*id.*, para. 7); Defendants' unspecified committing of "acts and omissions" that are "set forth in the Complaint" (*id.*, para. 12), yet never clearly specified; the wholly unsupported claim that "only a fraction of the donated money supports the people and causes for which it was donated" (*id.*, para. 15); mischaracterizing, without a short, plain explanation, of "just how little of the money GFA sends to India [that] is actually spent as designated" (*id.*, para. 28); mischaracterizing GFA's collections process through vague allegations (*e.g.*, *id.*, para. 29); lack of any short, plain statement of the allegedly "misdirected money" (*e.g.*, *id.*, para.s 31-35); and vague, general characterizations of the role and conduct of K.P. Yohannan (*e.g.*, *id.*, para.s 37-38), among others.  Pursuant to Rule 8 of the Federal Rules of Civil Procedure ("FRCP"), Defendants object to such pleading as improper.  Defendants additionally object to the Complaint as ignoring Plaintiffs' obligation to reference each single set of circumstances constituting a separate transaction or occurrence in a separate paragraph or count, to the extent that doing so would promote clarity, as required by FRCP 10.  Additionally, rather than a short plain statement of valid grounds for relief as required by the Rules, Plaintiffs' complaint is filled with conjecture, innuendo and ad hominem attack.

3.     The allegations contained in paragraph 3 of the Complaint constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 3 of the Complaint.

## PARTIES

4.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 4 of the Complaint and, pursuant to Rule 8(b)(5) of the Federal Rules of Civil Procedure ("FRCP"), deny such allegations.  Defendants admit that Plaintiffs filed this lawsuit and seek to represent a putative class of people, but deny that they are entitled to do so, that they are representative of the class they allege to exist, or that any such alleged class exists.

5.     Defendants admit the allegations in sentences 1, 2, and 6 in paragraph 5 of the Complaint.  Defendants deny the allegations in sentences, 4, 5, 7, 8, and 9 in paragraph 5 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the third sentence in paragraph 5 of the Complaint because the term "affiliate" is not defined by Plaintiffs and has multiple definitions and, pursuant to FRCP 8(b)(5), deny such allegations.

6.     Defendants deny the allegations in paragraph 6 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth regarding the term "affiliate" because it is not defined by Plaintiffs and has multiple definitions.

7.     Defendants admit the allegations in sentences 1-2 and 4-5 in paragraph 7 of the Complaint.  Defendants deny the allegations in footnote 1 and sentences 3 and 6-8 in paragraph 7 of the Complaint.

8.     Defendants admit the allegations in sentences 1-2 in paragraph 8 of the Complaint.  Defendants deny the allegations in the third sentence in paragraph 8.

3

9.      Defendants admit the allegations in sentences 1-2 in paragraph 9 of the Complaint.  With respect to the third sentence in paragraph 9, Defendants admit that Daniel Punnose has traveled and appeared on behalf of GFA in the United States and abroad and has spoken at conferences and churches, but deny any remaining allegations.

10.     Defendants admit the allegations in sentences 1, 3, and 4 in paragraph 10 of the Complaint.  Defendants deny the allegations in the second sentence in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in the first sentence in paragraph 11 of the Complaint.   Defendants deny the allegations in sentences 2 and 3 in paragraph 11 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth regarding the term "affiliate" because it is not defined by Plaintiffs and has multiple definitions.

12.      Defendants deny the allegations in paragraph 12 of the Complaint.

13.     Paragraph 13 does not contain allegations that require a response.  Defendants object to Plaintiffs' group pleading because it is impermissible.   To the extent a response is required, Defendants deny the allegations in paragraph 13 of the Complaint.

14.     Defendants admit that GFA fundraised and received donations from residents in Arkansas and other states in the United States, but deny any remaining allegations in paragraph 14 of the Complaint.   Footnote 2 in paragraph 14 of the Complaint makes reference to a website, which speaks for itself, but Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in footnote 2 other than that GFA fundraised and received donations from individuals who reside or were located in Arkansas and other states.

4

## GENERAL ALLEGATIONS

15.     Defendants deny the allegations in the first sentence in paragraph 15.  With respect to the allegations in the second sentence in paragraph 15, Defendants admit that in person and through the mail, radio, and its website, GFA states that it assists indigenous community development projects, provides for the poor, and promotes a Christian message, but denies any remaining allegations in the second sentence.  With regard to the allegations in the third sentence in paragraph 15 of the Complaint, Defendants admit that between 2007 and 2013, GFA received over $450,000,000 in donations from donors in the United States, who constitute the majority of its donors, but Defendants deny any remaining allegations in the third sentence.  As to the allegations in the fourth sentence in paragraph 15, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny the allegations in the fifth sentence in paragraph 15 of the Complaint.  With respect to the allegations in the sixth sentence in paragraph 15, Defendants admit that the Evangelical Council for Financial Accountability ("ECFA") terminated GFA's membership, but deny the remaining allegations in paragraph 15 of the Complaint.  Exhibit 1 speaks for itself, and it solely sets forth the opinions of ECFA .

16.     Defendants deny heading A. on page 7 of the Complaint.  With regard to the allegations in paragraph 16, Defendants admit that GFA seeks donations on many grounds and for many needs and state that all of its alleged solicitations speak for themselves.  Defendants deny any remaining allegations in paragraph 16 of the Complaint.

17.     The quotations, statements, and excerpt that Plaintiffs include from GFA's website, Christmas Catalog, and Exhibit 2 in paragraph 17 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  With respect to when the website

was last accessed and the allegations in footnote 3 in paragraph 17 of the Complaint, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations asserted and, pursuant to FRCP 8(b)(5), deny such allegations. Defendants deny any remaining allegations in paragraph 17 of the Complaint.

18.     The statements that Plaintiffs include from GFA's website and Emergency Gram in paragraph 18 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context. With respect to the websites and quotations therefrom in footnotes 4-5 in paragraph 18, they speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the websites were last accessed and, pursuant to FRCP 8(b)(5), deny such allegations. Defendants deny any remaining allegations in paragraph 18.

19.     The quotations, statements, and excerpts that Plaintiffs include from GFA's website, the Emergency Gram, and Exhibit 3 in paragraph 19 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context. The statement quoted from Exhibit 1 in footnote 6 in paragraph 19 of the Complaint speaks for itself, but Defendants deny the accuracy of the statement. With respect to the websites in footnotes 7-8 in paragraph 19, they speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding what specific materials the Plaintiffs received or accessed and when the websites were last accessed

6

and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 19.

20.     The quotations, statements, and excerpts that Plaintiffs include from GFA's website, mail, newsletters, GFA World magazine, GFA Christmas Catalog, and Exhibit 2 in paragraph 20 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 20.

21.     The statements and excerpts that Plaintiffs include from the GFA Christmas Catalog, its website, and Exhibit 2 in paragraph 21 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 21.

22.     The statements and excerpts that Plaintiffs include from the GFA Christmas Catalog, its website, and Exhibit 2 in paragraph 22 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 22.

23.     With respect to the allegations in the first sentence in paragraph 23 of the Complaint, GFA admits that it has a donation option and receives donations for the Home Team Staff.  The statements and excerpts that Plaintiffs include from the GFA Christmas Catalog, its website, and Exhibit 2 in the second sentence in paragraph 23 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 23.

24.     Defendants deny the allegations in the first sentence in paragraph 24 of the Complaint.  Defendants admit that donors receive receipts reflecting their donations, but such receipts, Exhibit 4, and the excerpt from the receipt that Plaintiffs include in the second sentence in paragraph 24 speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants deny any remaining allegations in paragraph 24.

25.     With respect to the allegations in paragraph 25 of the Complaint, the content of GFA's website and its mailings speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  With respect to the websites in footnotes 9-10 in paragraph 26, they speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the websites were last accessed

8

and, pursuant to FRCP 8(b)(5), deny such allegations.   Defendants deny any remaining allegations in paragraph 25.

26.    The quotations, statements, and excerpts from GFA's website included in paragraph 26 of the Complaint speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the websites were last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 26 of the Complaint.

27.    The quotations, statements, and excerpts from GFA's website included in paragraph 27 of the Complaint speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the websites were last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 27 of the Complaint.

28.    Defendants deny heading B. on page 17 of the Complaint.  Defendants admit that GFA is recognized by the United States government as a 501(c)(3) organization and a religious order, but the remaining allegations contained in sentences 1-2 in paragraph 28 of the Complaint constitute legal conclusions to which no response is required.   The Exhibits referenced in paragraph 28 speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  With respect to the websites and quotations from one of the websites in footnote 11 in paragraph 28, they speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context, and Defendants lack knowledge

or information sufficient to form a belief about the truth of the allegations regarding when the websites were last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.   Defendants deny the remaining allegations in paragraph 28.

29.     Defendants deny the allegations in paragraph 29 of the Complaint.  With respect to the allegations in footnote 12 in paragraph 29, Exhibits 5 and 6 speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.

30.     Defendants deny the allegations in paragraph 30 of the Complaint.  Defendants deny that the alleged "three examples further illustrate particular ways in which GFA misdirected funds designated by donors for specific purposes" as alleged in paragraph 30 and the paragraphs that follow.

31.     Defendants deny heading B1. on page 21 of the Complaint.  The quotations, statements, and excerpt that Plaintiffs include from GFA's website in paragraph 31 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants admit that Bridge of Hope is a popular cause for which donations are made.  With respect to the website in footnote 13, it speaks for itself, Defendants deny any allegations that are inconsistent with it, that mischaracterize it, or that take it out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny the remaining allegations in paragraph 31.

32.     Defendants deny the allegations in paragraph 32 of the Complaint.  Defendants deny the allegations in footnote 14 in paragraph 32, but lack knowledge or information sufficient

to form a belief about the truth of the allegations regarding when the information was posted or when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.

33.     Defendants deny heading B2. on page 22 of the Complaint.  Defendants deny the allegations in paragraph 33 of the Complaint.  With respect to the website in footnote 15 in paragraph 33, it speaks for itself, Defendants deny any allegations that are inconsistent with it, that mischaracterize it, or that take it out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.

34.     Defendants deny heading B3. on page 22 of the Complaint.  Defendants admit the first sentence in paragraph 34 of the Complaint.  With respect to the remaining allegations in paragraph 34, the FC-6 forms and the statements and excerpts that Plaintiffs include from GFA's website in paragraph 34 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny the remaining allegations in paragraph 34.

35.     Defendants deny heading C. on page 23 of the Complaint.  Defendants admit the allegations in the first sentence in paragraph 35 of the Complaint.  Defendants admit the allegations in the second sentence in paragraph 35 of the Complaint.  The quotations, statements, and excerpts from GFA's website and video hosted through the website in sentences 3-5 in paragraph 35 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context. With respect to the website and quotation therefrom in footnote 16, they speak for themselves,

Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.  The statements and excerpts from Believers Church's website in paragraph 36 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants lack knowledge or information sufficient to form a belief about the truth of when the referenced website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.

37.     Defendants deny the allegations in the first sentence in paragraph 37 of the Complaint.  The quotations, statements, and excerpt from the 2009 Constitution of Believers Church and Exhibit 1 in paragraph 37 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context. With respect to the website in footnote 17 in paragraph 37, it speaks for itself, Defendants deny any allegations that are inconsistent with it, that mischaracterize it, or that take it out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the website was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations.   Defendants deny any remaining allegations in paragraph 37.

38.     Defendants deny the allegations in the first sentence in paragraph 38 of the Complaint.  Defendants admit that GFA received millions of dollars from donations in the

United States from 2003-2014, but deny any remaining allegations in the second sentence in paragraph 38 of the Complaint. Defendants deny the allegations in 1-5 of the third sentence in paragraph 38 of the Complaint. The quotations, statements, and excerpts from the respective websites that Plaintiffs include in paragraph 38 of the Complaint speak for themselves, Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or take them out of needed context, and Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations regarding when the websites were last accessed and, pursuant to FRCP 8(b)(5), deny such allegations. Defendants deny any remaining allegations in paragraph 38.

39.     Defendants deny the allegations in the first sentence in paragraph 39 of the Complaint. GFA's Notes to Financial Statements and Exhibit 7 set forth in the second sentence in paragraph 39 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or take them out of needed context. Defendants deny any remaining allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants deny the allegations in the first sentence in paragraph 41 of the Complaint. The quotations from the book in paragraph 41 speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or take them out of needed context. The statements and excerpt from the blog in paragraph 41 speak for themselves. Defendants lack knowledge or information sufficient to form a belief about the truth of when the blog referenced in paragraph 41 was last accessed and, pursuant to FRCP 8(b)(5), deny such allegations. Defendants deny any remaining allegations in paragraph 41.

## INDIVIDUAL ALLEGATIONS

42.     Defendants admit the allegations in the first sentence in paragraph 42 of the Complaint. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in paragraph 42 of the Complaint and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 42.

43.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 of the Complaint and, pursuant to FRCP 8(b)(5), deny such allegations.  The statements and excerpt from GFA's website that Plaintiffs include in paragraph 43 of the Complaint speak for themselves, and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context. Defendants lack knowledge or information sufficient to form a belief about the truth of when the website referenced in paragraph 43 was last accessed or the December 2012 date and, pursuant to FRCP 8(b)(5), deny such allegations.  Defendants deny any remaining allegations in paragraph 43.

44.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in first sentence in paragraph 44 of the Complaint and, pursuant to FRCP 8(b)(5), deny such allegations.  The receipt that GFA provided to Plaintiffs and Exhibit 4 that Plaintiffs include in paragraph 44 of the Complaint speak for themselves and Defendants deny any allegations that are inconsistent with them, that mischaracterize them, or that take them out of needed context.  Defendants deny the remaining allegations in paragraph 44.

45.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence in paragraph 45 of the Complaint and, pursuant to

FRCP 8(b)(5), deny such allegations.  Defendants deny the remaining allegations in paragraph 45 of the Complaint.

## CLASS ALLEGATIONS

46.     Defendants admit that Plaintiffs seek to represent the putative class set forth in paragraph 46 of the Complaint, but deny they are qualified, entitled, or proper to do so.

47.     Defendants deny the allegations in paragraph 47 of the Complaint.

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

49.     The allegations contained in the first and third sentences in paragraph 49 of the Complaint constitute legal conclusions to which no response is required.  To the extent facts are asserted as part of the first and third sentences, Defendants deny the allegations in the first and third sentences in paragraph 49 of the Complaint.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in the second sentence in paragraph 49 of the Complaint as to what Plaintiffs claim to have been informed and believe and, pursuant to FRCP 8(b)(5), deny such allegations, but Defendants deny the remainder of the allegations of the second sentence in paragraph 49.

50.     Defendants deny the allegations in paragraph 50 of the Complaint.

51.     Defendants deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint.

53.     Defendants deny the allegations in paragraph 53 of the Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Complaint.

## COUNT 1

55.     Defendants reallege and incorporate by reference their allegations set forth in the foregoing paragraphs.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

58.     Defendants deny the allegations in paragraph 58 of the Complaint.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

**COUNT II**

62.     Defendants reallege and incorporate by reference their allegations set forth in the foregoing paragraphs.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

66.     Defendants deny the allegations in paragraph 66 of the Complaint.

67.     Defendants deny the allegations in paragraph 67 of the Complaint.

68.     Defendants deny the allegations in paragraph 68 of the Complaint.

**COUNT III**

69.     Defendants reallege and incorporate by reference their allegations set forth in the foregoing paragraphs.

70.     Defendants deny the allegations in paragraph 70 of the Complaint.

71.     Defendants deny the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint.

73.     Defendants deny the allegations in paragraph 73 of the Complaint.

**COUNT IV**

74.     Defendants reallege and incorporate by reference their allegations set forth in the foregoing paragraphs.

75.     Defendants deny the allegations in paragraph 75 of the Complaint.

76.     Defendants deny the allegations in paragraph 76 of the Complaint.

77.     Defendants deny the allegations in paragraph 77 of the Complaint.

**REQUEST FOR RELIEF**

78.     Defendants admit that Plaintiffs request the relief sought on pages 41-42 of the Complaint, but deny that Plaintiffs are entitled to such relief.

79.     To the extent not expressly admitted herein, Defendants deny any and all allegations in the Complaint.

## II.
## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted, and therefore, Plaintiffs' claims should be dismissed.

2.     Plaintiffs' class action claims fail to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure and should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

3.     Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel, waiver, ratification, and/or acquiescence.

4.     Plaintiffs' claims are barred in whole or in part by the statute of limitations.

5.     Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

6.     Plaintiffs' claims are barred in whole or in part because they lack standing to assert them.

7.     Plaintiffs' claims are barred in whole or in part because they fail to satisfy Rule 9(b) of the Federal Rules of Civil Procedure.

8.     Gospel for Asia-International does not currently exist.

17

9.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to allege and prove all conditions precedent.

10.     Any claim for punitive or exemplary damages is subject to the limitations and constraints of Due Process found in the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 19 of the Arkansas Constitution.

## III.
## PRAYER

WHEREFORE, Defendants pray that judgment be entered that Plaintiffs take nothing by this suit against any of the Defendants, that class certification be denied, that all relief prayed for by Plaintiffs in this action be denied, and that Defendants be granted such other and further relief, at law and in equity, to which they may be justly entitled.

DATED:  March 10, 2017.

SHULTS & BROWN, LLP
200 West Capitol Avenue, Suite 1600
Little Rock, AR  72201-3637
(501) 375-2301

By _/s/ Steven Shults_____
     Steven Shults
     sshults@shultslaw.com
     John T. Adams
     jadams@shultslaw.com

Harriet E. Miers
hmiers@lockelord.com
Robert T. Mowrey
rmowrey@lockelord.com
Paul F. Schuster
pschuster@lockelord.com
Cynthia K. Timms
ctimms@lockelord.com

LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000

*Attorneys for Defendants*


## CERTIFICATE OF SERVICE

I certify that, on March 10, 2017, I electronically filed Defendants' Original Answer with the Clerk of the Court using the CM/ECF system, which shall send notification of such filing to all counsel of record.

/s/   Steven Shults_____
Steven Shults