United States District Court
Western District of Arkansas
Fayetteville Division

| | | |
|---|---|---|
| Garland D. Murphy, III, M.D., | § | |
| and Phyllis Murphy, | § | |
| individually and on behalf of | § | |
| all others similarly situated, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case no. **5:17-CV-5035 TLB** |
| | § | |
| Gospel for Asia, Inc., | § | |
| Gospel for Asia-International, | § | |
| K.P. Yohannan, Gisela Punnose, | § | |
| Daniel Punnose, David Carroll, | § | |
| and Pat Emerick, | § | |
| | § | |
| Defendants. | § | |

## Memorandum in Support of Plaintiffs' Motion for Sanctions Based on Fabricated Documents

For months, the Murphys and the Court have addressed Defendants' failure to

produce any specific documentary evidence that donors' designations were honored.

This motion seeks relief for a different problem: likely fraud on the Court by Defendants'

fabrication of documents to substantiate proper disbursement of funds.

### Defendants' spreadsheets are evidently fabricated

Many documents Defendants produced are Excel spreadsheets in native format.

Hundreds of them purport to show the "Income" and "Expenses" of individual Believers

Church parishes over particular periods of time.

Gujarat and Meghalaya are two parishes for which Defendants produced "Income" and "Expense" spreadsheets. Gujarat is approximately 1,750 miles west of Meghalaya, about 51 hours by car according to Google maps:[1]



Thus, Gujarat and Meghalaya are about as far apart as Dallas, Texas and Montreal, Canada. As the following chart shows,[2] these two Indian states could not be any more different:

| Category | Gujarat | Meghalaya |
|---|---|---|
| Geographic Location in India | West | East |
| Climate | Hot (to 120°) & Tropical | Cold (Below 0°) & Wet |
| Annual Rainfall | 22-44 inches | 470 inches – wettest on earth |
| Topography | Ocean Beaches & Deserts | High Mountains & Forests |
| Elevation of Capital City | 259 feet (Gandhinagar) | 4,990 feet (Shillong) |
| Population | 60,000,000 | 3,200,000 |
| Percent Christian | 0.5% | 75% |
| Christian Population | 300,000 | 2,400,000 |
| Language(s) | Gujarati | Khasi & Garo |

[1] https://www.google.com/maps/dir/Gujarat,+India/Meghalaya,+India/@22.0133144,71.5200404,5.22z/data=!4m13!4m12!1m5!1m1!1s0x3959051f5f0ef795:0x861bd887ed54522e!2m2!1d71.1923805!2d22.258652!1m5!1m1!1s0x37507e8f34bd207f:0xf5ef6117f496d6e!2m2!1d91.366216!2d25.4670308 (accessed May 3, 2018).

[2] *See generally* https://en.wikipedia.org/wiki/Gujarat; https://en.wikipedia.org/wiki/Meghalaya (accessed May 3, 2018).

2

Images make the point another way. Gujarat:[3]



Meghalaya:[4]



---

[3] https://htoindia.com/blog/rabari-tribe-in-gujarat-tribal-tours/ (accessed May 3, 2018)
[4] https://unusualplaces.org/meghalaya-the-rainiest-place-on-earth/ (accessed May 3, 2018)

But despite the obvious and significant differences between these two locations, Defendants' spreadsheets report *identical* spending amounts in the same years in the vast majority of designation categories—including for site-specific needs such as "Bio Water Filter," "Water Buffalo," and—incredibly—"Flood Relief."

As well, the "Income" amounts for Gujarat and Meghalaya are very similar; expressed in terms of percentages of total income, they, too, are *identical* for the same years.

On the following pages, we have prepared charts highlighting the numbers in question. The original spreadsheets showing these numbers are attached as Exhibits A-F to the Declaration of Marc R. Stanley, filed with this motion.

All numbers shown in the "Expenses" column come directly from the original spreadsheets; the entries that show *identical* spending for both Gujarat and Meghalaya are highlighted in yellow. In the "Income" column, the first set of numbers is copied from the originals, while the second set—highlighted in orange—shows the income amounts expressed as percentages of total income per category, which are *identical* for Gujarat and Meghalaya.







These numbers cannot plausibly represent actual income and expenses for the Gujarat and Meghalaya parishes during the time periods shown. It is beyond incredible to suppose that a church parish in Gujarat spent exactly the same amount on "Flood

Relief" over 2009-10 as a parish in Meghalaya—the wettest place on the planet. A far more plausible explanation for why the spreadsheets look the way they do is because they were fabricated in an attempt to show that donor designations were honored.

As the Court is aware, Defendants' approach to document discovery has been to furnish spreadsheets and handwritten logs with no receipts or anything else to back them up, and to insist that these materials constitute comprehensive "specific evidence" of expenditures on donor-designated contributions—such that Defendants should not be required to substantiate them with the backup documentation they claim is in India. *See generally* [Doc. 100]. But the above examples—just a few of many others the Murphys' counsel has already identified—compellingly suggest that the spreadsheets are at best inaccurate and, thus, worthless. Most troublingly, they also suggest that Defendants have fabricated documents for purposes of bolstering their litigation position.

**The Court should impose extremely severe sanctions on Defendants**

Fabrication of documents in the interests of furthering a litigant's claim or defense can be grounds for "death penalty" sanctions, including the striking of pleadings and imposition of costs and attorneys' fees, under Rule 37. *See, e.g.*, *REP MCR Realty, L.L.C. v. Lynch*, 363 F. Supp. 2d 984, 988-1016 (N.D. Ill. 2005). Unlike in *Lynch*, the Murphys have not yet deposed witnesses or otherwise gathered extrinsic evidence that the spreadsheets are falsified. However, because of Defendants' pattern and practice in this case and the glaring implausibility of these documents, the Murphys are confident that the spreadsheets were created and furnished to them by Defendants in the interests of avoiding production of the actual documentation of expenditures the Murphys have

been attempting to obtain since last year, and to create the impression that Defendants honored donor designations.

Well before filing this motion, the Murphys' counsel brought the charts shown above to the attention of opposing counsel. "There is an explanation," Defendants advised. But days passed, and no explanation came. On May 3, 2018, the Murphys' counsel spoke with Mr. Mowrey by telephone. Mr. Mowrey indicated counsel did not have all the facts yet, but insisted there was no fraud, suggesting that the amounts in the spreadsheets were merely minimum budgeted amounts.  He also indicated that Defendants oppose this motion and that the Murphys should wait for further explanation when counsel for Defendants receive it. Given there are scores of other examples, the Murphys choose not to engage in another round of whack-a-mole.

Thus, the Murphys again request relief from the Court in the form of sanctions. They are genuinely concerned that Defendants' resistance of discovery has gone beyond stonewalling and crossed the line into fabrication of false information. While the Murphys chose not to burden the Court with *all* of the examples of spreadsheets and logs that are palpably implausible, they are confident the Court will understand the issue from the examples they presented, and they are ready to turn over all such documentation if it will assist the Court or a Special Master[5] in getting to the bottom of this.

The Murphys are admittedly at somewhat of a loss as to the precise form of sanction to ask for, but they respectfully request the Court to take strong remedial action that will comprehensively address the difficult issue that has arisen.

_____

[5] If the Court appoints a Special Master, the Murphys respectfully suggest that Defendants pay any associated expenses.

Dated:  May 4, 2018                       Respectfully submitted,

*/s/ Marc R. Stanley*            
Marc R. Stanley (admitted *pro hac vice*)
marcstanley@mac.com
Martin Woodward (admitted *pro hac vice*)
mwoodward@stanleylawgroup.com
**STANLEY LAW GROUP**
6116 N. Central Expressway, Suite 1500
Dallas, Texas 75206
214.443.4300
214.443.0358 (fax)


Woodson W. Bassett III
Arkansas Bar No. 77006
wbassett@bassettlawfirm.com
James Graves
Arkansas Bar No. 95172
jgraves@bassettlawfirm.com
**BASSETT LAW FIRM LLP**
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
479.521.9996
479.521.9600 (fax)


*Counsel for Plaintiffs and the Class*


Tom Mills (admitted *pro hac vice*)
tmills@millsandwilliams.com
**MILLS AND WILLIAMS, LLP**
5910 N. Central Expressway, Suite 980
DALLAS, TEXAS 75206
214.265.9265
214.361.3167 (FAX)


*Of Counsel for Plaintiffs and the Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2018 I electronically filed the foregoing document via the Court's ECF system and notice of this filing was sent by e-mail to all counsel registered to receive such notice.  Also, restricted documents filed under seal were served upon the following counsel via the following method:

| | |
|---|---|
| Harriet E. Miers, via email: | hmiers@lockelord.com |
| Robert T. Mowrey, via email: | rmowrey@lockelord.com |
| Paul F. Schuster, via email: | pschuster@lockelord.com |
| Cynthia K. Timms, via email: | ctimms@lockelord.com |
| Matt Davis, via email: | mdavis@lockelord.com |
| Steven Shults, via email: | sshults@shultslaw.com |
| John T. Adams, via email: | jadams@shultslaw.com |

*/s/ Marc R. Stanley*
Marc R. Stanley