United States District Court
Western District of Arkansas
Fayetteville Division

| | | |
|---|---|---|
| Garland D. Murphy, III, M.D., and Phyllis Murphy, individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Case no. **5:17-CV-5035 TLB** |
| Gospel for Asia, Inc., Gospel for Asia-International, K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick, | § § § § § § § | |
| Defendants. | § | |

# Reply in Support of Plaintiffs' Motion for Sanctions Based on Fabricated Documents

In responding to Plaintiffs' motion, Defendants simply needed to refute that the spreadsheets were fraudulent. Here is what they did instead:

- they filed a sworn declaration contradicting earlier testimony about—of all the most basic things—how many dioceses and churches exist within "Believers Church";

- they essentially admit the numbers in the spreadsheet do not reflect actual spending on the categories indicated; and

- they use diversion and obfuscation to avoid conceding they lack specific documentary evidence that donor-designated gifts were honored.[1]

Response [Doc. 110].

**1. Defendants offered conflicting testimony about basic church metrics**

In March, Defendants filed a motion for protection [Doc. 86] supported by the sworn declaration of ▇▇▇▇ [Doc. 86-6]. The point of the motion (and ▇▇▇ declaration) was to give the impression there were so many receipts spread all over India, it would be very expensive and time consuming to produce them (even though the Court ordered Defendants to do just that).

▇▇▇ swore that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ that may have documents. Doc. 86-6 ¶ 3. ▇▇▇ also swore (in tabular format) that there were ▇▇ such churches in Gujarat, and ▇ in Meghalaya (the total of the figures in the column on the right):

---

[1] Defendants actually appear to say the spreadsheets ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Doc. 86-6 ¶ 5.

Two months later, along comes ▮▮▮▮▮ with sworn testimony on behalf of ▮▮▮▮▮ Doc. 110-5. We will discuss ▮▮▮▮▮ declaration more in Part 2 below, but for now, let's simply get a handle on what he says about the number of dioceses and churches. These numbers are particularly important, because— according to ▮▮▮▮▮ ▮▮▮

███████ presents the number of dioceses and churches in tabular format in "Annexure 9" to his declaration. Doc. 110-5. We won't copy and paste all the rows of the table here, but they show ████████████████████████████████████ ████████████████████ *Id*. Yet, two months earlier, Fr. Varghese swore under oath there were █████████████ Doc. 86-6 ¶ 5.

As to how many churches there are in ██████ and ████████ here is the sworn testimony of ████████████:

████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Doc. 110-5. Assuming ████████████ testimony is accurate and truthful, the number of churches ████████████████████████ in both ██████ and ████████ from ████ to ████, increasing from ██ to ████████████████ over that time and never differing in number by more than ████████████████. *Id*.

But how do we reconcile this with ████████ sworn testimony? He swore there were █████████ in ██████, but only █████████. If his testimony was truthful and accurate as of March 15, 2018 (the date of his declaration), that would mean there was a ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. *Compare* Doc. 110-5 *with* Doc. 86-6 ¶ 5.

4

Is the discrepancy because ▓▓▓▓ tallied churches by ▓▓▓▓ instead of by ▓▓▓▓ as ▓▓▓▓ did? Or is it because ▓▓▓▓ tallied ▓▓▓▓ which are somehow different than ▓▓▓▓ The declarations don't make that clear. But it is clear that ▓▓▓▓ specifically testified about ▓ dioceses within India, while ▓▓▓▓ swore there were ▓▓▓▓ and that cannot be reconciled…

…unless it is because ▓▓▓▓ testified for ▓▓▓▓ while ▓▓▓▓ testified for ▓▓▓▓ and these are different entities that use different diocesan maps? Let's see what Metropolitan K.P. Yohannan's website is broadcasting to the world about this as of today:







http://www.believerschurch.com/about/ (accessed May 23, 2018).

▓▓ 41 dioceses for "Believers Eastern Church"? ▓▓▓▓ the amount ▓ ▓▓▓▓ swore were in India alone? And ▓▓▓▓ what ▓▓▓▓

\*   \*   \*

To sum, Defendants have furnished sworn testimony to the Court that is not credible. It appears Defendants are making it up as they go along. Plaintiffs can accept that conditions in India for Christians may be significantly more trying than in the United States, but for Defendants to present wildly inconsistent data in sworn declarations about the most basic, objectively verifiable information—how many

5

churches and dioceses exist within Believers Church/Believers Eastern Church—is beyond reason. And because Defendants also present sworn testimony ▮▮▮▮▮ ▮▮▮▮▮ Plaintiffs cannot reasonably conclude that the spreadsheets even remotely represent what actually became of donor-designated contributions.

**2. Defendants essentially admit they fabricated their spreadsheets**

We now return to ▮▮▮▮▮ Doc. 110-5. This spans 12 pages and includes 11 attachments, only one of which (the very last) had previously been produced by Defendants to the Murphys.

But that matters less than ▮▮▮▮▮ testimony, which (despite being mostly incoherent) boils down to this:

- ▮▮▮▮▮
- ▮▮▮▮▮
  ▮▮▮▮▮
  ▮▮▮▮▮
- ▮▮▮▮▮
  ▮▮▮▮▮
  ▮▮▮▮▮
  ▮▮▮▮▮
  ▮▮▮▮▮

Doc. 110 at 7-8 (summarizing Doc. 110-5).

Here is another way to say the same thing: Defendants let their "field partners" ██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████

Consider: Defendants are claiming they ████████████████████████
████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████
████████████████████████████████—yet, they are unable to produce a single invoice, receipt, or bill of sale from a single third party to substantiate any of these expenditures by designation category. This is beyond belief.

When the Murphys saw the spreadsheets for Gujarat and Meghalaya—as well as the scores of others that show identical amounts for pairs of other vastly different places—they approached Your Honor with the specific concern that the numbers cannot plausibly represent the actual income and expenses for the Gujarat and Meghalaya parishes (or dioceses or states or districts or whatever) for the time periods shown. Motion [Doc. 106] at 2-8.

Through the sworn testimony of ████████████, Defendants have now confirmed the Murphys were right to be concerned. Defendants have effectively admitted the spreadsheets are not the accurate records of income and expenditures they purport to be, but rather are ████████████████████████████████████████
██████████████████████████████████████████████████████. And this is

7

especially problematic in light of Defendants' ongoing failure and refusal to produce the receipts they claim exist, which—unlike the fabricated spreadsheets—could be objectively-verifiable evidence of actual expenditures.

Put another way, Defendants are insisting their discovery obligation to produce documentary evidence of specific expenditures is met with fabricated spreadsheets.

### 3. Rather than clarify, Defendants choose diversion and obfuscation

The Murphys' other pending motion for sanctions focuses on Defendants' refusal to simply admit the truth, which is that they lack specific third-party evidence (receipts, invoices, and bills of sale) for expenditures on U.S. donor-designated projects. In response to the instant motion based on fabricated documents, Defendants take a similar tack.

The only point they really make (albeit in a tortuous way) is that the spreadsheets are, in fact, fabrications. Doc. 110 at 7-8. But instead of unequivocally making this admission, thereby truthfully clarifying the matter, they spend most of their response casting aspersions on the Murphys and flooding the Court with pictures of Gujarati floods. *Id.* at 1-7.

Over five pages of Google searches, Wikipedia pages, and photos, Defendants show there are monsoon floods in Gujarat, highlighting reports in 2009, 2015, and 2017. *Id.* at 3-6. But the Murphys never disputed this, nor that many people have been killed and lost their homes; rather, in their motion, they emphasized the implausibility of spending identical amounts on flood relief in both Gujarat and Meghalaya in three separate years. Motion [Doc. 106] at 2-4, 7-8.

The tables below, derived from documents Defendants have produced previously,[2] show (in INR and equivalent USD) the local spending amounts ███████ ███████████████ for flood relief █████████████████ in Gujarat and Meghalaya:

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

Notably, in 2009 and 2015—the very years Defendants chose to highlight the devastating impact of flooding in Gujarat—█████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███

Yet, Defendants' "field partners" had an █████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

---

[2] In the interests of simplicity, the Murphys are not filing all of the original documents from which the tables are derived, but instead provide the Bates numbers of the documents to enable Defendants to verify (or dispute) the accuracy of the figures shown: BCI00044466, BCI00044475, BCI00044502, BCI00044511, BCI00044539, BCI00044548, BCI00044577, BCI00044589, BCI00044346, BCI00044358, BCI00044388, BCI00044400, BCI00044430, and BCI00044440.

[3] GFA0023559-60 ███████████████████████████████████ a copy of which is attached hereto as Exhibit A).

███████████████████████████████████████████████

███████████████████████████████████

Perhaps this is why Defendants chose to respond to the instant Motion with news photos gleaned from the internet rather than objectively-verifiable proof that they actually spent money on flood relief efforts in Gujarat, Meghalaya, or anywhere else.[4]

**Conclusion**

Defendants have had abundant time and multiple chances to turn over whatever proof they have that they honored donor designations, or to simply come clean that they don't have such evidence. Instead, Defendants chose to resist producing the receipts they were ordered to furnish, and they tried to pass off fabricated spreadsheets as substitutes.

It is now clear beyond doubt that Defendants will continue to engage in the tactics that have prompted the Murphys' requests for sanctions. The Murphys therefore respectfully (and regrettably) request the Court to impose a severe sanction on Defendants from the panoply available, as there is no suitable alternative that will facilitate the truth ever coming to light in this case.

---

[4] As the Murphys stated previously, the suspect spreadsheets for Gujarat and Meghalaya that are the focus of this motion are merely one example of hundreds that can be furnished to the Court or a Special Master. Motion [Doc. 106] at 8.

Dated:  May 25, 2018                    Respectfully submitted,

*/s/ Marc R. Stanley*
Marc R. Stanley (admitted *pro hac vice*)
marcstanley@mac.com
Martin Woodward (admitted *pro hac vice*)
mwoodward@stanleylawgroup.com
**STANLEY LAW GROUP**
6116 N. Central Expressway, Suite 1500
Dallas, Texas 75206
214.443.4300
214.443.0358 (fax)

Woodson W. Bassett III
Arkansas Bar No. 77006
wbassett@bassettlawfirm.com
James Graves
Arkansas Bar No. 95172
jgraves@bassettlawfirm.com
**BASSETT LAW FIRM LLP**
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
479.521.9996
479.521.9600 (fax)

*Counsel for Plaintiffs and the Class*

Tom Mills (admitted *pro hac vice*)
tmills@millsandwilliams.com
**MILLS AND WILLIAMS, LLP**
5910 N. Central Expressway, Suite 980
DALLAS, TEXAS 75206
214.265.9265
214.361.3167 (FAX)

*Of Counsel for Plaintiffs and the Class*

11

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on May 25, 2018 I electronically filed the foregoing document via the Court's ECF system and notice of this filing was sent by e-mail to all counsel registered to receive such notice. Also, restricted documents filed under seal were served upon the following counsel via the following method:

Harriet E. Miers, via email:    hmiers@lockelord.com  
Robert T. Mowrey, via email:   rmowrey@lockelord.com  
Paul F. Schuster, via email:   pschuster@lockelord.com  
Cynthia K. Timms, via email:   ctimms@lockelord.com  
Matt Davis, via email:    mdavis@lockelord.com  
Steven Shults, via email:    sshults@shultslaw.com  
John T. Adams, via email:    jadams@shultslaw.com

            */s/ Marc R. Stanley*  
            Marc R. Stanley

# EXHIBIT A

GFA 0023559-60

(filed under seal)