IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GARLAND D. MURPHY, III, M.D., and
PHYLLIS MURPHY, Individually and on
behalf of all others similarly situated                                    PLAINTIFFS

v.                            CASE NO. 5:17-CV-5035

GOSPEL FOR ASIA, INC.; GOSPEL FOR ASIA-INTERNATIONAL;
K.P. YOHANNAN; GISELA PUNNOSE; DANIEL PUNNOSE;
DAVID CARROLL; and PAT EMERICK                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court are a Motion for Judgment on the Pleadings (Doc. 68) and Brief in Support (Doc. 69) filed by Defendants Gospel for Asia, Inc. ("GFA"), Gospel for Asia-International, K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick. Plaintiffs Garland Murphy and Phyllis Murphy have filed a Response in Opposition (Doc. 89).[1] For the following reasons, Defendants' Motion is **DENIED**.

### I. BACKGROUND

This lawsuit centers on Plaintiffs' allegations that Defendants and their international partners have defrauded donors by diverting donations earmarked for specific purposes to different uses without these donors' knowledge. Plaintiffs have brought several causes of action against the named Defendants, including an alleged violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act and fraud.

---

[1] Plaintiffs' Response also included, in the alternative, a request for leave to amend the class action complaint, a proposal that prompted Defendants to file a Response (Doc. 99). This alternative request is **MOOT** in light of the Court's denial of Defendants' Motion for Judgment on the Pleadings.

1

## II. LEGAL STANDARD

As an initial matter, the difference between a motion for judgment on the pleadings brought under Federal Rule of Civil Procedure 12(c) and a motion to dismiss brought under Rule 12(b)(6) "is purely formal, because we review [a] 12(c) motion under the standard that governs 12(b)(6) motions." *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

Just as with a motion to dismiss, to survive the motion for judgment on the pleadings, Plaintiffs' Complaint must provide "a short and plain statement of the claim that [the plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this requirement is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Court must accept all of a complaint's factual allegations as true, and construe them in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor. *See Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." *United States v. Any & All Radio Station*

*Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000); *see also Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006).

## III. DISCUSSION

Plaintiffs allege that Defendants have violated the RICO Act, codified at 18 U.S.C. § 1962(c).[2] That section makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt." As a result of the statutory language, two principles are clear. First, "the person named as the defendant cannot also be the entity identified as the enterprise." *Atlas Pile Driving Co. v. DiCon Fin. Co.*, 886 F.2d 986, 995 (8th Cir. 1989). Second, "[plaintiffs] cannot circumvent the distinctness requirement by 'alleging a RICO enterprise that consists *merely* of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant.'" *Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir. 1999) (emphasis added).

Defendants premise their Rule 12(c) motion on an argument that Plaintiffs' Complaint fails to satisfy this enterprise element because it does not allege a separate "RICO person" and "RICO enterprise," and because the alleged enterprise does not meet the "distinctness" requirement noted above. The Court considers each argument in turn.

---

[2] 18 U.S.C. § 1964 authorizes individuals who have been harmed by RICO-covered activity to bring civil suits ("Civil RICO" actions). Nevertheless, 18 U.S.C. § 1962(c) provides the underlying substantive elements that a plaintiff must plead and prove to make out a Civil RICO cause of action.

First, the Court rejects the argument that the Complaint names the same entity as a RICO person and a RICO enterprise and is thereby deficient as a matter of law. Under governing law, a RICO enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 USC § 1961(4). The latter part of this description, representing so called "association-in-fact" enterprises, may be proven by evidence that a "group of persons associated together for a common purpose of engaging in a course of conduct" committed predicate acts necessary to establish a violation. *United States v. Turkette*, 452 U.S. 576, 583 (1981); *Nelson v. Nelson*, 833 F.3d 965, 968 (8th Cir. 2016).

Viewing the Complaint holistically and drawing all reasonable inferences in Plaintiffs' favor, as it must on a 12(c) motion, the Court concludes that the allegations in the Complaint make clear that GFA was simply one member of a RICO enterprise consisting of all of the named Defendants. This is more than sufficient to allege a plausible association-in-fact enterprise. *Atlas*, 886 F.2d at 995.[3]

---

[3] The Court notes that this is not the first time that Defendants have unsuccessfully pursued this argument in this type of case in this District. For, they made an identical argument on a 12(b)(6) motion in a case pending before Judge Holmes with a nearly identical Complaint. After citing the Eighth Circuit's previously mentioned *Atlas* decision, which recognized that a corporation can be a member of an association-in-fact RICO enterprise, Judge Holmes concluded that "Defendants are elevating form over substance in pursuing this argument . . . because, read as a whole, the complaint's allegations make clear that Gospel for Asia, Inc. was one member of a RICO enterprise consisting of all named Defendants." *Dickson v. Gospel for Asia*, 2017 WL 202185, at *3 (W.D. Ark. 2017). This Court agrees.

Defendants now renew this argument more than a year after Judge Holmes rejected it, some fourteen months after they filed an Answer (Doc. 7), after expressly agreeing not to file a motion to dismiss in this case (Doc. 99-1), and *only* once Plaintiffs filed a Motion for Sanctions (Doc. 54) based on Defendants' perceived recalcitrance in responding to discovery requests. As such, the Court finds no merit in Defendants' contention that the claimed inadequacy of Plaintiffs' RICO cause of action only became apparent once

4

Defendants' second argument fares no better. They assert that Plaintiffs' Complaint alleges a RICO enterprise that consists merely of a corporate defendant associated with its own employees or agents carrying on the regular affairs of the defendant. (Doc. 69, pp. 1-2). That contention ignores the Complaint's discussion of other entities, such as Believers Church, Gospel for Asia-India, Last Hour Ministries, and Love India Ministries. *See* Doc. 1, p. 3. It also ignores that this Court has already ruled on a Motion to Stage Alter Ego Issues After Verdict (Doc. 60), which centered around the discovery of at least 76 foreign entities, all of which are alleged to be affiliates or associates of the named Defendants. Thus, unlike *Anatian*, this is not a situation where Plaintiffs' alleged "enterprise" consists *merely* of an association and its employees.

Defendants' distinctness argument is also premature, for "distinctness is a fact-intensive inquiry that is not driven solely by formal legal relationships among the alleged 'associates in fact.'" *Lockheed Martin Corp. v. Boeing Co.*, 314 F. Supp. 2d 1198, 1212 (M.D. Fla. 2004). Indeed, the Supreme Court has noted that the existence of a distinct

---

Defendants began drafting their response to the motion for class certification. Also inadequate is Defendants' Counsel's explanation as to why Defendants' filing of the 12(c) Motion does not violate their agreement not to file a motion to dismiss. Defendants contend that they have complied with the agreement because they "have not filed a motion to dismiss. Rule 12(c) is called, by the language of the rule itself, a Motion for Judgment on the Pleadings." (Doc. 99, p. 5). While it is true that motions brought under Rule 12(b)(6) and Rule 12(c) are technically different, Defense Counsel is well-aware that the arguments they make here on the 12(c) motion are identical to the ones they advanced before Judge Holmes on the 12(b)(6) motion and, more importantly, that both motions are analyzed by an identical standard. Moreover, Defendants' reliance on the technical distinction between a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings is particularly ironic in light of the fact that they titled their present Motion "Defendants' **12(c) Motion to Dismiss Plaintiffs' RICO Claim**" and repeated the phrase at least fifty times by including it in the footer on each page of the motion (Doc. 68) and accompanying brief (Doc. 69) and numerous times within the body of these documents.

enterprise is "proved by *evidence* of an ongoing organization, formal or informal, and by *evidence* that the various associates function as a continuing unit." *Turkette*, 452 U.S. at 583 (emphasis added). Defendants would have the Court reject Plaintiffs' attempts to show how GFA is a member of a larger association-in-fact enterprise, consisting of more than just GFA and its employees, before discovery concludes. The Court declines to do so.

While courts have certainly dismissed Civil RICO causes of action where the complaints contained no facts by which an enterprise could be inferred, this is not such a case. For instance, in *Montize v. Pittman Properties Ltd. Partnership No. 1*, the district court granted judgment on the pleadings because it concluded that:

> the complaint contains no clear allegations relating to the existence of an enterprise that includes the Defendants. There is no allegation that this group of Defendants operates as an enterprise. The complaint contains no facts that demonstrate the existence of an enterprise and no facts that would support the conclusion that all Defendants shared the common purpose of extorting money from the Plaintiffs.

719 F. Supp. 2d 1052, 1056-57 (W.D. Ark. 2010). The Complaint (Doc. 1) in this case is much more detailed. In addition, because there remain unresolved factual disputes about whether the named Defendants are distinct from the "RICO enterprise," judgment on the pleadings is improper. *See* Charles A. Wright and Arthur R. Miller, 5C FEDERAL PRACTICE & PROCEDURE § 1367 (3d ed. Apr. 2018) ("Conversely, if the pleadings do not resolve all of the factual issues in the case, a trial on the merits would be more appropriate than an attempt at resolution of the case on a Rule 12(c) motion.").

Therefore, the Court concludes that Plaintiffs' Civil RICO cause of action cannot be dismissed on the pleadings. Defendants may renew their arguments at summary judgment if Plaintiffs are unable, following discovery, to meet the statutory requirements

of alleging a Civil RICO cause of action. At this time, however, the Court must **DENY** Defendants' Motion for Judgment on the Pleadings (Doc. 68).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings (Doc. 68) is **DENIED**.

**IT IS SO ORDERED** on this 19th day of May, 2018.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE