IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| GARLAND D. MURPHY, III, M.D., and PHYLLIS MURPHY, individually and on behalf of all others similarly situated, | § | |
| PLAINTIFFS, | § | CASE NO. 5:17-CV-5035 TLB |
| v. | § | |
| GOSPEL FOR ASIA, INC., *et al.* | § | |
| DEFENDANTS. | § | |

**DEFENDANTS' OBJECTIONS TO NOTICE OF INTENT TO APPOINT SPECIAL MASTER**

Pursuant to Federal Rule of Civil Procedure 53(b)(1), Defendants Gospel for Asia, Inc. ("GFA-USA"), Gospel for Asia-International ("GFA-International"),[1] K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick (collectively, "Defendants") file these *Objections to Notice of Intent to Appoint Special Master*, respectfully showing as follows:

**OBJECTIONS**

On June 4, 2018, the Court issued an order sanctioning Defendants in the form of appointing a special master "to conduct a forensic accounting of the evidence that has been produced, to establish the paper trail between donations and expenditures, and to finally get to the bottom of whether records that purportedly exist but that have not yet been produced will finally provide an answer to the central question in this case . . . ." (Doc. 125 at 18.)[2] The Court

[1] GFA-International does not currently exist.

[2] By making this filing, Defendants are not agreeing with the Court's Order, but rather reserve all objections to that Order.

further ordered that the costs of appointing this special master will be borne by Defendants. (*Id.*) Defendants assert the following objections to appointment of a special master:

1. Defendants object to the propriety of appointing a special master for the purpose of performing the proposed accounting and investigation on what it has characterized as "the central issue in this case," thereby effectively delegating adjudication of liability to the special master and attempting to have the special master resolve the merits of the dispute. *In re Armco*, 770 F.2d 103, 105 (8th Cir. 1985) (concluding that, under Rule 53, the district court erred in granting the master authority to preside at trial on the merits of the case); *Stauble v. Warrob, Inc.*, 977 F.2d 690, 695 (1st Cir. 1992) ("[T]he Constitution prohibits us from allowing the nonconsensual reference of a fundamental issue of liability to an adjudicator who does not possess the attributes that Article III demands."); *In re Bituminous*, 949 F.2d 1165, 1168 (D.C. Cir. 1991) (holding that a master cannot supplant the district judge); *Burlington N. R.R. v. Dep't of Revenue*, 934 F.2d 1064, 1073 (9th Cir. 1991) (ruling that district court's reference of issue of liability to master violated Rule 53, and its subsequent failure to independently determine liability violated Article III). Where a district judge does not hear and determine "the main course"—i.e., the meet-and-potatoes issue of liability—there is an "abdication of the judicial function depriving the parties of a trial before the court on the basic issues involved in the litigation." *Stauble*, 977 F.2d at 695 (quoting *La Buy v. Howes Leather Co.*, 352 U.S. 249, 313 (1957)).

2. Defendants object to the Court's improper use of Rule 53(a)(1)(C)—which contemplates overseeing basic pre-trial matters like evidentiary disputes—to appoint a special master that will make or recommend findings of fact, which is provided for by Rule 53(a)(1)(B), not Rule 53(a)(1)(C). Rule 53(a)(1)(B) provides that a special master may be appointed to hold

trial proceedings and make or recommend findings of fact *on issues to be decided without a jury* if appointment is warranted either by (i) some exceptional condition, or (ii) the need to perform an accounting or resolve a difficult computation of damages. Fed. R. Civ. P. 53(a)(1)(B) (emphasis added). Assuming *arguendo* that this provision was used to appoint a special master, Defendants object to this provision's use on two separate grounds. First, the nature of the accounting the Court is suggesting the special master will undertake—performing or overseeing a forensic audit to trace donations and whether designations were fulfilled—is an issue, if necessary, to be decided by the jury. *See* Fed. R. Civ. P. 53, 2003 Amd. Cmt. on Subdivision (a)(1) (explaining that the use of a trial master is abolished as to matters to be decided by a jury unless a statute provides for this practice); *Dolling v. Amanda Hess Corp.*, 83 F. Supp. 2d 843, 849 (S.D. Tex. 2000) (internal citation omitted) (overturning appointment of special master on the grounds such appointment was improper in light of fact questions for the jury); *Home Indem. Co. v. Farm House Foods Corp.*, 770 F. Supp. 1339, 1347-48 (E.D. Wis. 1991) (denying motion for appointment of special master because question that would be considered by special master was a question of material fact that should be decided by the jury). And second, the Court has not articulated an "exceptional condition" warranting appointment of a special master under Rule 53(a)(1)(B).

3. Defendants object to the propriety of appointing a special master as sanctions under the circumstances of this case. Defendants do not believe that sanctions are appropriate for the reasons stated in their previous filings. Defendants further object to appointment of a special master as sanctions given that Defendants complied with the Court's discovery orders by producing hundreds of thousands of documents at great expense and made available documents in India, which Plaintiffs have so far declined to inspect.

4. Defendants object to appointment of a special master as sanctions as being disproportionate. The Court's Order appointing a special master implicates all donors without limitation, when no class has yet been certified.

5. Defendants object to the fundamental unfairness of bearing the costs of a special master. GFA-USA is a non-profit organization, and the costs associated with a special master are unlimited.

6. Defendants object to the improper burden of proof and cost-shifting resulting from the Court's intended course of action, including Defendants bearing the cost of the special master. Plaintiffs bear the burden in proving their claims. Plaintiffs have not proffered any evidence indicating they have attempted to hire a forensic accountant to conduct such analyses, and the Order essentially calls for the appointment of a forensic accountant to do that task and to charge Defendants for it.

7. Defendants object to the Court's improper use of Rule 53 to appoint an expert (forensic accountant). While courts have inherent power to engage third parties to assist them in performing their judicial duties, *In re Peterson*, 253 U.S. 300, 312-13 (1920), courts must balance this power with their duty under Article III "to determine by [their] own judgment the controversy presented." *Stauble*, 977 F.2d at 695.

8. To the extent the appointment is intended to be by a provision other than Rule 53(a)(1)(C), Defendants also object to appointment of a special master under Rule 53(a)(1)(A) because Defendants do not consent to the proposed duties enumerated by the Court that the special master would undertake and object to appointment of a special master under Rule 53(a)(1)(B) because the contemplated scope is beyond what is permissible under that provision.

## APPOINTMENT RECOMMENDATION

Subject to and without waiver of the aforementioned objections, pursuant to Federal Rule of Civil Procedure 53(b)(1), Defendants would propose The Honorable T. John Ward, previously of the United States District Court of the Eastern District of Texas, as a qualified candidate for appointment under appropriate circumstances.

## CONCLUSION

Defendants respectfully request that the Court rescind its notice of intent to appoint a special master as sanctions against Defendants. Defendants further request all additional relief, in law and in equity, to which they may be justly entitled.

Date: June 11, 2018

Respectfully submitted by:

*/s/ Robert T. Mowrey*

Harriet E. Miers (admitted *pro hac vice*)
Texas Bar No. 0000067
hmiers@lockelord.com
Robert T. Mowrey (admitted *pro hac vice*)
Texas Bar No. 14607500
rmowrey@lockelord.com
Paul F. Schuster (admitted *pro hac vice*)
Texas Bar No. 00784931
pschuster@lockelord.com
Matthew H. Davis (admitted *pro hac vice*)
Texas Bar No. 24069580
mdavis@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 740-8000

– and –

Steven Shults (Ark. Bar No. 78139)
sshults@shultslaw.com
John T. Adams (Ark. Bar No. 2005014)
jadams@shultslaw.com
**SHULTS & ADAMS LLP**
200 West Capitol Avenue, Suite 1600
Little Rock, Arkansas 72201
T: (501) 375-2301

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I certify that on June 11, 2018, I filed this document using the Court's Case Management/Electronic Case Filing ("CM/ECF") system, which will automatically transmit a Notice of Electronic Filing to Plaintiffs' counsel of record, who are registered Filing Users. Transmission of the Notice of Electronic Filing through the CM/ECF system constitutes service of this document as contemplated by Rule 5 of the Federal Rules of Civil Procedure. *See* W.D. Ark. L.R. 5.2.

*/s/ Robert T. Mowrey*