United States District Court
Western District of Arkansas
Fayetteville Division

| | |
|---|---|
| Garland D. Murphy, III, M.D., and Phyllis Murphy, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> Gospel for Asia, Inc., Gospel for Asia-International, K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick, <br><br> Defendants. | Case no. **5:17-CV-5035 ELW** |

## Memorandum of Law in Support of Class Counsel's Motion for Award of Fees and Expenses from the Common Fund

Pursuant to Rule 23(h) of the Federal Rules of Civil Procedure, Counsel for Plaintiffs Garland D. Murphy, III, MD and Phyllis Murphy ("Plaintiffs"), on behalf of themselves and all others similarly situated (the "Class"), respectfully submit this Memorandum of Law in Support of their Motion for Award of Fees and Expenses from the Common Fund ("Motion").[1] Defendants Gospel for Asia, Inc., K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick (collectively, "Defendants"), do not oppose the relief requested in this Motion.[2]

---

[1] All defined terms herein have the same meaning as set forth in the Settlement Agreement and Release ("Agreement") [Doc. 207].
[2] See § 15.1 of the Agreement [Doc. 207].

1.  **Introduction**

Over the past several years, Class Counsel have devoted very substantial time and expense to thoroughly investigate and vigorously prosecute the Class's claims. The risk Class Counsel assumed for the benefit of the Class in this labor-intensive case was immense.

Now that Class Counsel's work and risk-taking have resulted in a tremendous benefit to the Class in the form of a $37 million common fund settlement, plus substantial non-cash future benefits to the Class, Class Counsel asks that the Court award fair compensation for the enormous risk they bore and excellent services they rendered for the Class. Class Counsel respectfully requests a fee award of just under one third of the total common fund, plus reimbursement of their reasonable and necessary expenses.

As discussed below, Class Counsel's request for a fee of 33% of the common fund settlement is well within the range of reasonableness under the factors set forth in *Keil v. Lopez*, 862 F.3d 685 (8th Cir. 2017), and under the percentage-of-the-benefit method approved by the Eighth Circuit.

2.  **Background**

The extensive procedural history of the litigation, resulting in no less than six written orders and a published opinion on class certification, is well-known to the Court and is summarized in detail in Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement [Doc. 209] at 3-5. Only after years of vigorously contested litigation, and after hard-fought, arm's-length

negotiation by highly experienced counsel, Plaintiffs and Defendants reached a Settlement resolving the claims of Plaintiffs and the members of the Class.

None of these successes on behalf of the Class would have been possible without Class Counsel's relentless pursuit of costly discovery and extensive motion practice during the entire period between filing and settlement. As is described in the accompanying Declaration of Marc R. Stanley ("Stanley Dec."), Plaintiffs have issued multiple rounds of written discovery requests, served multiple third-party subpoenas for documents, taken and defended dozens of depositions, conducted many informal interviews, reviewed hundreds of thousands of pages of documents, analyzed significant amounts of data, hired and consulted with accounting and other experts, and responded to Defendants' discovery requests to Plaintiffs. Plaintiffs also engaged in numerous hard-fought battles with Defendants—represented by one of the country's most prominent litigation firms—over potentially dispositive motions, and successfully fought a long-ranging skirmish over class certification that involved a trip to the Eighth Circuit. *See, e.g.*, Stanley Dec. ¶¶ 3-4.

Now, having achieved an excellent result for the Class, Class Counsel respectfully requests that the Court grant an attorneys' fee award of 33% of the common fund, plus a reimbursement of $750,000.00 that Class Counsel advanced on behalf of the Class.[3] For the reasons outlined below, Class Counsel's request for a fee of just under one third of the common fund is well within the range of reasonableness under the percentage method approved by the Eighth Circuit in *Keil v. Lopez*, 862 F.3d 685 (8th Cir. 2017). This award would fairly compensate Class Counsel for their years of time and effort

---

[3] Actual expenses slightly exceed $750,000, but Plaintiffs capped expenses at $750,000. See §15.1 of the Agreement [Doc. 207].

spent litigating on behalf of the Class and for the substantial risk they personally assumed for the direct benefit of their clients and the Class.

3. **An award to Class Counsel of 33% of the common fund is warranted under the percentage-of-the-benefit method approved by the Eighth Circuit and reasonable under the *Keil* factors**

"If attorneys' efforts create or preserve a fund or benefit for others in addition to their own clients, the court is empowered to award fees from the fund." Manual for Complex Litigation, Fourth, §14.11 (citing *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980); *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375 (1970); *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161 (1939); *Cent. R.R. & Banking Co. v. Pettus*, 113 U.S. 116 (1885); *Trs. of the Internal Improvement Fund v. Greenough*, 105 U.S. 527 (1882)).

Rule 23(h) of the Federal Rules of Civil Procedure requires that courts award fees that are "reasonable," and the Eighth Circuit has endorsed both the lodestar and percentage-of-the-benefit methods as reasonable methods of calculating attorneys' fees in common fund cases. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017). While it has not expressed a preference for one method over the other, the Eighth Circuit in recent years has routinely approved district courts' use of the percentage-of-the-benefit method. *See, e.g.*, *Keil*, 862 F.3d at 701-03; *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865-66 (8th Cir. 2017); *Huyer v. Buckley*, 849 F.3d 395, 398-99 (8th Cir. 2017); *In re Life Time Fitness, Inc. TCPA Litig.*, 847 F.3d 619, 622-23 (8th Cir. 2017); *see also In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999).

Regardless of which method is used, "[t]o determine the reasonableness of a fee award under either approach, district courts may consider relevant factors from the

twelve factors listed in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)." *Keil*, 862 F.3d at 701 (citation in original). As the Eighth Circuit discussed in *Keil*, the district court need not analyze all twelve factors in assessing reasonableness, as it is rare that all twelve of them would be relevant—particularly in a common fund situation. *Keil*, 862 F.3d at 703 (citing *Uselton v. Commercial Lovelace Motor Freight, Inc.*, 9 F.3d 849, 854 (10th Cir. 1993)). Here, as in *Keil*, the five factors that are relevant to the reasonableness inquiry that the district court should consider are:

    (1) the amount involved and the results obtained;

    (2) whether the fee is fixed or contingent;

    (3) the novelty and difficulty of the questions;

    (4) the experience, reputation, and ability of the attorneys; and

    (5) awards in similar cases.

*Keil*, 862 F.3d at 703 (citing *Johnson*, 488 F.2d at 717-19).

### 3.1. Class Counsel obtained an excellent result for the Class

As a result of Class Counsel's efforts in litigating the case, as well as extensive settlement negotiations, Defendants have agreed to pay a non-reverting settlement amount of $37,000,000. *See generally* Agreement § 4.2. Class members who make claims will be paid pro rata amounts from the fund (not to exceed 100% of their donations) after deduction of attorneys' fees and expenses, including notice and administration costs. Unclaimed funds, if any, will be disbursed to appropriate Christian charitable organizations approved by the Court. Moreover, Defendants have agreed to multiple changes to the structure of GFA's board of directors, and to its organizational fundraising practices. *See generally* Agreement § 4.3.

By any measure, this is an excellent result for the Class. Notably, as the Settlement Administrator has informed Class Counsel, Class members have already submitted in excess of 14,000 claim forms as of May 7, 2019, and the claim period remains open for almost two more months. The first *Keil* factor thus supports the reasonableness of Class Counsel's fee request. 862 F.3d at 703.

### 3.2. Class Counsel assumed the very real risk they would never be compensated for their efforts on behalf of the Class

Contingency risk is the risk that a lawyer takes when they agree to represent a client without payment unless the client prevails and recovers from the defendant. Under a traditional hourly billing arrangement, a lawyer is paid regularly by their client for services performed. In contrast, a lawyer who works under a contingent fee arrangement must wait for the resolution of the matter, and they may not ever receive payment if the plaintiff does not prevail.

Class Counsel took this case entirely on contingency, and they have not been paid a penny to date. Nevertheless, Class Counsel has already advanced in excess of $750,000 out of their own pockets, knowing there was a significant chance Defendants would prevail.

In evaluating the risk factor in the context of assessing the reasonableness of an attorneys' fee request, courts treat the contingency risk of receiving nothing as a major factor. *See In re Xcel Energy, Inc. Sec. Litig.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005) (citing *Glover v. Standard Fed. Bank*, 283 F.3d 953 (8th Cir. 2002) and *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430 (8th Cir. 1999) as examples of class cases "in which attorneys representing a class have devoted substantial resources in terms of time and

advanced costs yet have lost the case despite their advocacy."). This Court should similarly treat the immense risk assumed by Class Counsel in this case as a major factor weighing in favor of the reasonableness of the fee they request. *See Keil*, 862 F.3d at 703 (finding that the contingency fee arrangement was itself sufficient to weigh this factor in favor of reasonableness).

### 3.3. Class Counsel navigated through several novel and difficult questions

This action was particularly difficult both in terms of the procedural requirements associated with class certification (which Class Counsel established at the district court level and defended at the Eighth Circuit on Defendants' petition for permission to appeal), as well as the underlying substantive claims at issue—in particular, the claim that Defendants violated RICO, which prompted a separate defense motion for judgment on the pleadings at the time class certification was submitted.

Aggravating these difficulties were the ongoing battles over discovery, and whether the documents Defendants produced—in excess of one million pages—constituted compliance with the requests Plaintiffs served. This resulted in multiple hearings, and, ultimately, the appointment of a Special Master to independently review the massive document production and assess Defendants' compliance. All the while, and with the discovery compliance issue unresolved, Class Counsel worked with a forensic accounting expert and deposed multiple fact and expert witnesses in preparation for summary judgment motions (which both sides filed) and trial.

There is thus no reasonable argument that this case did not involve significant difficult and novel questions of both law and fact. This factor should weigh in favor of

approval of Class Counsel's fee request. *See Keil*, 862 F.3d at 698 (citing *DeBoer v. Mellon Mrtg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995)).

### 3.4. Class Counsel provided high-quality representation to the Class

As set forth in the biographies submitted at the class certification stage on file with the Court, and as this Court previously determined, Class Counsel is extensively experienced and successful in prosecuting class action cases. *Murphy v. Gospel for Asia, Inc.*, 327 F.R.D. 227, 238 (W.D. Ark. 2018). Here, Class Counsel litigated against parties represented by skilled senior lawyers at one of the nation's preeminent firms, Locke Lord LLP. There is no question that the caliber of the lawyers faced by Class Counsel was very high, and that Class Counsel achieved such a significant benefit for the Class is indicative of the high-quality representation Class Counsel provided in this case. The court should accordingly weigh this factor in favor of Class Counsel's fee request. *See Keil*, 862 F.3d at 703.

### 3.5. A 33% fee is justified and consistent with comparable fee awards in the Eighth Circuit

Class Counsel's request for 33% of the common fund is typical of fee awards to counsel in similar cases in the Eighth Circuit, where this amount is awarded routinely. *See, e.g.*, *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865-66 (8th Cir. 2017) (awarding 33% of $60 million fund); *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (awarding 33% of $25.75 million fund); *Yarrington v. Solvay Pharmaceuticals, Inc.*, 697 F. Supp. 2d 1057, 1061 (D. Minn. 2010) (awarding 33% of $16.5 million fund); *see also In re Xcel Energy, Inc. Sec. Litig.*, 364 F. Supp. 2d 980, 994 (D. Minn. 2005)

("courts in this circuit and this district have frequently awarded attorney fees between twenty-five and thirty-six percent of a common fund in other class actions"); *Keil*, 862 F.3d at 702 (awarding 25% of $32 million fund); *In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (awarding 36% of $3.5 million fund). Because Class Counsel's requested fee award is clearly in line with awards in comparable cases, the Court should weigh the last *Keil* factor in favor of a finding of reasonableness. *See Keil*, 862 F.3d at 702-03.

Additionally, Class Counsel has estimated that the requested fee award would amount to approximately 2.442 times their lodestar. *See* Stanley Dec. ¶ 6. There is no requirement that the Court use the lodestar method at all in assessing the reasonableness of the fee requested, but if it were to do so, it would find that the 2.442 multiplier is lower than those approved in other cases. *See, e.g.*, *Keil*, 862 F.3d at 701-02 (affirming reasonableness of district court's use of 2.7 multiplier in a lodestar cross-check of percentage-of-the-benefit award).

**4.    The Court should award Class Counsel reimbursement of expenses**

Class Counsel's advancement of costs for such items as expert witnesses, deposition reporters and transcripts, document management, copying, research, travel, and mediation was necessary to the successful prosecution of Plaintiffs' claims and should, in fairness, be repaid from the common fund. *In re Vitamin C Antitrust Litig.*, 2012 WL 5289514, at *11 (E.D.N.Y. Oct., 23, 2012) (awarding $2,562,549 in expenses incurred in the prosecution of the action which the court found to be "reasonable litigation expenses"); *see also In re Xcel Energy, Inc. Sec. Litig.*, 364 F. Supp. 2d at 994; Stanley Dec. at Exh. 1 (master expense list). These expenses are all of the kind that are

9

usually paid by clients in non-common-fund cases; moreover, Class Counsel seeks repayment of slightly less the aggregate amount of expenses they actually incurred and paid out of their own pockets. Stanley Dec. ¶ 7 & Exh. 1. The Court should accordingly approve an award of Attorneys' Expenses in the amount of $750,000.00.

**5.  The Court should allow payment of Attorneys' Fees and Expenses after the Final Approval Hearing**

The Settlement Agreement and Release [Doc. 207] specifically provides that Class Counsel may petition the Court for payment of Attorneys' Fees and Expenses immediately after the Court executes an order awarding them. *See* Agreement § 15.3.1. Pursuant to this provision, Class Counsel requests the Court to order this immediate payment.  Particularly if the Court is inclined to grant final approval of the Settlement and to award Class Counsel the requested fee and expense award, there are no reasons the disbursement should be delayed or withheld.

**6.  Conclusion**

For all of the foregoing reasons, and in light of the excellent result achieved on behalf of the Class in this litigation, Class Counsel respectfully requests that the Court (1) award Attorneys' Fees in the amount of $12,210,000.00, constituting 33% of the Settlement Fund, (2) award reimbursement of $750,000.00 in Expenses, and (3) that the Court allow immediate payment of these amounts pursuant to § 15.3.1 of the Agreement.

Dated:  May 10, 2019

Respectfully submitted,

/s/ *Marc R. Stanley*
Marc R. Stanley (admitted *pro hac vice*)
marcstanley@mac.com
Martin Woodward (admitted *pro hac vice*)
mwoodward@stanleylawgroup.com
**STANLEY LAW GROUP**
6116 N. Central Expressway, Suite 1500
Dallas, Texas 75206
214.443.4300
214.443.0358 (fax)

Woodson W. Bassett III
Arkansas Bar No. 77006
wbassett@bassettlawfirm.com
James Graves
Arkansas Bar No. 95172
jgraves@bassettlawfirm.com
**BASSETT LAW FIRM LLP**
221 North College Avenue
P.O. Box 3618
Fayetteville, Arkansas 72702
479.521.9996
479.521.9600 (fax)

*Counsel for Plaintiffs and the Class*

Tom Mills (admitted *pro hac vice*)
tmills@millsandwilliams.com
**MILLS AND WILLIAMS, LLP**
5910 N. Central Expressway, Suite 980
DALLAS, TEXAS 75206
214.265.9265
214.361.3167 (FAX)

*Of Counsel for Plaintiffs and the Class*

11

## Certificate of Service

The undersigned hereby certifies that on May 10, 2019, I electronically filed the foregoing document via the Court's ECF system and notice of this filing was sent via ECF by e-mail to the following counsel of record:

| | |
|---|---|
| Harriet E. Miers, via email: | hmiers@lockelord.com |
| Robert T. Mowrey, via email: | rmowrey@lockelord.com |
| Paul F. Schuster, via email: | pschuster@lockelord.com |
| Cynthia K. Timms, via email: | ctimms@lockelord.com |
| Matthew H. Davis, via email: | mdavis@lockelord.com |
| Steven Shults, via email: | sshults@shultslaw.com |
| John T. Adams, via email: | jadams@shultslaw.com |

/s/ *Marc R. Stanley*
Marc R. Stanley