United States District Court
Western District of Arkansas
Fayetteville Division

| | |
|---|---|
| Garland D. Murphy, III, M.D., and Phyllis Murphy, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>Gospel for Asia, Inc., Gospel for Asia-International, K.P. Yohannan, Gisela Punnose, Daniel Punnose, David Carroll, and Pat Emerick,<br><br>    Defendants. | Case no. **5:17-CV-5035 ELW** |

# Final Order and Judgment

On June 13, 2019, the Court held a Fairness Hearing to determine:

(a) whether the Settlement Class should be certified pursuant to Rule 23 of the Federal Rules of Civil Procedure for Settlement purposes;

(b) whether the Settlement Agreement and Release, and the terms provided therein, should be approved as fair, reasonable, and adequate for purposes of Rule 23 of the Federal Rules of Civil Procedure, and in the best interests of the Class; and

(c) whether the application of Class Counsel for an award of Attorneys' Fees and Expenses should be approved.

The Court, having considered all matters and materials submitted prior to and at the hearing and otherwise, hereby **GRANTS Plaintiffs' Motion for Attorney Fees and Expenses (Doc. 226) and Plaintiffs' Motion for Final Approval of Class Action Settlement (Doc. 243)** and NOW, THEREFORE, ORDERS, ADJUDGES AND DECREES THAT:

1.      The Court adopts all defined terms as set forth in the Settlement Agreement and Release ("Agreement") for purposes of this Judgment.

2.      For purposes of implementing and enforcing the terms of the Agreement, the Court has jurisdiction over the subject matter of the Murphy Litigation, the Plaintiffs, the Settlement Class members, and the Defendants.

3.      Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, the Murphy Litigation is properly and finally certified as a class action for settlement purposes.  The Settlement Class is defined as:

> All persons in the United States who donated money to GFA-USA from January 1, 2009 through the date the Settlement Class is certified for Project Codes 1000-4900. Excluded from the class are unknown donors; Defendants, their subsidiaries, and affiliates; all persons who make a timely election to be excluded from the Class; the Special Discovery Master appointed in this case; and the Judge and Magistrate Judge to whom this case is assigned and their immediate families.

4.      The Court hereby appoints Plaintiffs Garland D. Murphy, III, MD and Phyllis Murphy as Settlement Class representatives.

5.      The Court hereby appoints the Stanley Law Group, the Bassett Law Firm, and Mills and Williams, LLP as Class Counsel.  Marc R. Stanley, of the Stanley Law Group, is appointed Plaintiffs' Lead Counsel.

6.      The Court finds and concludes the prerequisites to a class action under Rule 23 have been satisfied.  In particular, the Court finds and concludes:

(a) the members of the Settlement Class are so numerous that joinder of all members thereof is impracticable;

(b) there are questions of law and fact common to the Settlement Class, which predominate over any individual questions;

(c) Plaintiffs Garland D. Murphy, III, MD and Phyllis Murphy are adequate representatives of the Settlement Class;

    (d) the claims of Plaintiffs Garland D. Murphy, III, MD and Phyllis Murphy are typical of the other members of the Settlement Class;

    (e) the questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class;

    (f) Plaintiffs and their counsel have fairly and adequately represented and protected the interests of the Settlement Class members; and

    (g) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering

        I. the interests of the Settlement Class members in individually controlling the prosecution of the separate actions,

        ii. the extent and nature of any litigation concerning the controversy already commenced by Settlement Class members,

        iii. the desirability or undesirability of continuing the litigation of these claims in this particular forum, and

        iv. the difficulties likely to be encountered in the management of the class action.

7. The Court finds that the electronic dissemination, mailing, and Internet posting of the Class Notice, as provided for in the Preliminary Approval Order, constituted the best notice practicable under the circumstances to all persons in the Settlement Class; that the Class Notice provided full and accurate information concerning the proposed Settlement and the Murphy Litigation, and further provided due and adequate notice of the proceedings regarding the Settlement; and that the Class Notice otherwise fully met the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the Constitution of the United States, and any other applicable law.

8. Defendants' notice to Federal and State regulators complied with the notice requirements of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715.

9. The Court has reviewed all written objections filed by Settlement Class members and finds that the objections filed fail to establish that the Settlement is not fair, reasonable, and adequate or that the Settlement is not in the best interests of the Settlement Class. All objections are overruled.

10. The Settlement of the Murphy Litigation as set forth in the Agreement is approved in all respects as fair, reasonable, and adequate, and in the best interests of the Settlement Class. Accordingly, the Parties are directed to consummate and perform the Agreement in accordance with all applicable terms and provisions.

11. The Murphy Litigation is hereby dismissed on the merits with prejudice as to Defendants in accordance with Rule 23(e) of the Federal Rules of Civil Procedure. When this Settlement becomes Final, Plaintiffs and each of the Settlement Class Members will be bound to the fullest extent permissible under the law to have fully, finally, and forever released, relinquished, and discharged Defendants and all other Released Persons from any and all Released Claims, as set forth in Section 10 of the Agreement.

12. Any order or appeal relating to Attorneys' Fees or Expenses, or to the allocation or distribution of the Settlement Fund, shall not operate to terminate or cancel the Settlement, the Agreement, or affect or delay the finality of this Judgment.

13. The Parties are to bear their own costs, except as otherwise provided in the Settlement, the Agreement, or the terms of this Judgment.

14. In the event that the Settlement fails to become Final in accordance with its terms, then this Judgment shall be rendered null and void to the extent provided by, and in accordance with, the Agreement, and shall be vacated and, in such event, all orders entered in connection herewith shall be null and void to the extent provided by

and in accordance with the Agreement.  In such event, the findings herein shall also be null and void, and the Parties shall be restored to their respective positions in the Murphy Litigation on the date immediately prior to the entry of the Agreement.  In such event, except for Section 15.3.2 of the Agreement, the terms and provisions of the Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Murphy Litigation or in any other proceeding for any purpose, and this Judgment, the Preliminary Approval Order, the Agreement, and any other order or decision issued or filed in connection with this Settlement shall be treated as vacated, nunc pro tunc.

15.   In recognition of their work, the time and expenses incurred on behalf of the Settlement Class members and the value of the results achieved on behalf of the Settlement Class members, pursuant to the terms of the Agreement, Class Counsel shall be entitled to receive reasonable Attorneys' Fees in the amount of $12,210,000, plus Attorneys' Expenses of $750,000  Pursuant to Section 15.3.1 of the Agreement and subject to Section 15.3.2 of the Agreement, Attorneys' Fees and Expenses to Plaintiffs' Lead Counsel may be distributed after entry of this Judgment.

16.   Plaintiffs' Lead Counsel shall allocate the Attorneys' Fees among Class Counsel in a manner that the Plaintiffs' Lead Counsel in good faith believes reflects the contributions of such counsel to the initiation, prosecution, and settlement of the Murphy Litigation. Any disputes regarding Attorneys' Fees or Expenses shall be resolved by the Court.

17.   Without affecting the finality of this Judgment in any way, the Court shall retain exclusive jurisdiction with respect to implementation and enforcement of the terms of the Agreement, and Defendants, Plaintiffs, and the Settlement Class members

submit to the jurisdiction of the Court for purposes of implementing and enforcing the terms of the Agreement.

Dated: June 26, 2019

                                                /s/   Erin L. Wiedemann
                                                HON. ERIN L. WIEDEMANN
                                                CHIEF UNITED STATES MAGISTRATE JUDGE